UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GARY O'BRIEN, on Behalf of Himself and all Others Similarly Situated,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>LG ELECTRONICS USA, INC. and SEARS HOLDINGS CORPORATION,<br><br>　　　　　　　Defendants. | Civil Action No. 10-cv-03733 (DMC)(JAD)<br><br>**ORDER AWARDING ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES, AND CLASS REPRESENTATIVE INCENTIVE AWARDS** |
| ROBERT WALSH, on Behalf of Himself and all Others Similarly Situated,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>LG ELECTRONICS USA, INC. and SEARS HOLDINGS CORPORATION,<br><br>　　　　　　　Defendants. | Civil Action No. 10-cv-04499 (DMC)(JAD) |
| DEBORAH ASCHENBRENNER, on Behalf of Herself and all Others Similarly Situated,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>LG ELECTRONICS USA, INC. and SEARS HOLDINGS CORPORATION,<br><br>　　　　　　　Defendants. | Civil Action No. 11-cv-00463 (DMC)(JAD) |

　　　THIS MATTER having been opened to the Court by counsel for the Plaintiffs and the Class for an award of attorneys' fees and reimbursement of expenses, and Class Representative incentive awards, in accordance with the Court's Order preliminarily approving the Class

Settlement of the above matters; and

WHEREAS, the Court finds that is has jurisdiction over this action and each of the parties under 28 U.S.C. § 1331 and that venue is proper in this district;

WHEREAS, the Court has approved the Settlement Agreement, confirms the certification of the Settlement Class, finds that the Settlement is in all respects fair, reasonable and adequate for all Class members such that final approval of the Settlement is warranted; the appointment of Plaintiffs' counsel as Class Counsel and the appointment of Plaintiffs as representatives of the Class remains and is appropriate and in accord with Federal Rule of Civil Procedure 23;

WHEREAS the Court finds as follows: The Settlement was entered into at arms length by experienced counsel and only after extensive arms length negotiations. The Settlement is not the result of collusion. The Class has received the best notice practicable under the circumstances;

WHEREAS, the Court has reviewed the motion for attorneys' fees and costs and the supporting documentation and concludes that the requested fees and costs of $6,840,000.00 are reasonable under the circumstances of this case, are in accord with applicable standards in this Circuit, and reflect the diligence and efficiency of Class Counsel, who are experienced in litigating complex class action cases.

WHEREAS, the Court finds that the hourly rates of Class Counsel are reasonable in light of prevailing market rates in their communities for similar services by lawyers of reasonably comparable skill, experience, and reputation;

WHEREAS, the proposed incentive awards of $5,000.00 for each of the Class Representatives is reasonable and consistent with Third Circuit precedent and in light of the time and effort expended in prosecuting this case; and

WHEREAS, this Court has fully considered the record of these proceedings, the

representations, argument, and recommendation of counsel, and the requirements of the governing law; and for good cause shown;

IT IS THIS ___21___ day of ___Nov___, 2011:

ORDERED that Class Counsel's motion for an award of attorneys' fees and expenses, and Class Representative incentive awards is GRANTED, subject to the following terms and conditions:

1. Class Counsel's request for attorneys' fees and costs in the amount of $6,840,000.00 and for incentive awards of $5,000.00 for each Class Representative is reasonable and hereby granted.

2. The awarded attorneys' fees and costs, and Class Representative incentive awards are to be distributed in accordance with the Settlement agreement executed by counsel.

3. The Court authorizes Class Counsel to allocate the fee award among the Class Counsel firms.

4. Without affecting the finality of this Order, the Court reserves continuing and exclusive jurisdiction over parties to the Settlement agreement to settle any disputes related to the allocation of the costs, fees and Class Representative incentive awards.

5. There being no just reason to delay, the Clerk is directed to enter this Order forthwith.

Dated: 11/21/11

_____
Hon. Dennis M. Cavanaugh, U.S.D.J.